IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**Cases Consolidated for All Purposes**

UNITED STATES OF AMERICA

   Plaintiff/Counter Defendant,
 vs.                   No. CIV   11-901 LH/LFG

RONALD B. PORATH and MARZELLA
J. PORATH,

   Defendants/Counter Claimants,

BATTLE WOLF, A pure trust, and
WELLS FARGO & COMPANY,

   Defendants.
==================================
WELLS FARGO BANK, N.A.,
Successor by merger to Wells Fargo
Home Mortgage, Inc, fka Norwest
Mortgage, Inc.,

   Plaintiff,
 vs.                   No. CIV   11-1145 LH/LFG

RONALD B. PORATH, MARZELLA
J. PORATH, Trustees of Battle Wolf;
and UNITED STATES OF AMERICA,
by and through the Internal Revenue Service,

   Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 12, 2012, the referral Magistrate Judge, the Honorable Lorenzo F. Garcia, filed a Report and Recommendation [Doc. 50] in these two consolidated cases.  This Report provided an overview of Ronald B. Porath and Marzella J. Porath's failure to comply with obligations imposed upon them by the Federal Rules of Civil Procedure, as well as with the orders and directives of the Court.

The Report and Recommendation noted that the Poraths refuse to participate in this litigation based on their beliefs that there was an alleged insurrection, rebellion, and conspiracy in the federal courts, that federal judges occupy their positions under false pretenses, and, as a result, that the federal court has no jurisdiction to entertain these consolidated lawsuits. The Poraths contended that certain federal judges in the District of New Mexico had not taken an oath while previously serving as state judges, had not posted a performance bond, and that the alleged failures purportedly robbed the federal Court of jurisdiction. As a result of their beliefs that the Court was staffed by pretenders to the office, the Poraths stated that they would no longer voluntarily participate in these lawsuits. [CIV 11-901, Doc. 36].

In the Report and Recommendation, Judge Garcia conducted a standard Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir. 1988), and Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992) analysis. In reaching his recommendation to grant judgment in favor of the United States and Wells Fargo, and to dismiss the Poraths' counterclaim, the Court considered and discussed the required factors, e.g., prejudice to the opposing parties, interference with the judicial process, culpability of litigants, advanced warnings of possible dismissal/judgment, and efficacy of lesser sanctions. [Doc. 50, at 3-7].

As required by 28 U.S.C. § 636(b)(1), the Poraths were given fourteen days within which to file written objections to the Court's Report and Recommendation. On July 24, 2012, the Poraths filed a Response and Objection to Report and Recommendation [Doc. 51], but failed to address any of Judge Garcia's legal factual recitations or legal analysis, or the Meade v. Grubbs and Ehrenhaus v. Reynolds standards.

This circuit has adopted a firm waiver rule under which a party who fails to make timely objection to the magistrate's findings and recommendations waives appellate review of both factual

and legal questions. Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir.1996) (citation omitted). However, the firm waiver rule does not apply when, for example, the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object. Id. at 1413 (citation omitted). Here, in his Report and Recommendation, the Magistrate Judge expressly advised the Poraths that if they failed to file timely objections to the analysis and reasoning, no appellate review would be allowed. [Doc. 50, n. 1] (*citing* Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2007) (discussing firm waiver rule)).

Thus, in accord with this rule, unless a party files objections challenging specific facts or legal conclusions, the party is estopped from appealing. In this case, the Poraths filed purported objections to the Magistrate Judge's Report and Recommendation, but, their objection does not challenge the Magistrate Judge's historical rendition of what occurred or any of the legal conclusions. Instead, the Poraths focus on contentions that "United States" and "United States of American" are separate entities; and that they provided the Court with a pleading from a United States District Court lawsuit, United States, ex rel. Gutierrez v. Persons Holding Licenses to Practice Law, CIV 03-1320 MV/LFG (D.N.M. 2004), purportedly evidencing that there is a general insurrection in the federal court system. The Poraths failed to mention, however, that the Gutierrez case, *supra*, was dismissed as frivolous. [CIV 03-1320, Doc. 27].

In their objection, the Poraths contend that Judge Garcia "could not be in good standing of the Supreme Court bar during any period since 1968," based on a nonsensical argument concerning the New Mexico Constitution, "irrevocable statutes" and a referendum vote that did not occur. [Doc. 51, ¶ 1]. What these allegations have to do with the Report and Recommendation remains unclear. What is clear, however, is that the Poraths neither challenged the factual recitation nor legal conclusions that appear in the Report and Recommendation. The Court concludes that the failure

to challenge the facts or law constitutes a waiver of a right to object or appeal.  Wirsching, 360 F.3d at 1197.

Accordingly, the Court adopts the Report and Recommendation and directs that counsel for the United States, Christopher R. Egan, and counsel for Wells Fargo, Elizabeth M. Dranttel, confer with one another and submit a proposed order to the Court granting judgment to the United States on its complaint; dismissing Porath's counterclaim in CIV 11-901; and granting judgment to Wells Fargo on its complaint for foreclosure in cause CIV 11-1145.

The proposed orders should be submitted to the Court by August 15, 2012.

IT IS SO ORDERED.

_____
SENIOR UNITED STATES DISTRICT JUDGE